## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| DANIEL FRANKLIN and ) | |
| KIMBERLY JAMES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 08-cv-1264 |
| v. ) | |
| ) | |
| ANGELA HAMILTON, RODNEY SLACK, ) | |
| JOHN DOE, and PTS OF AMERICA, ) | |
| a Limited Liability Company, ) | |
| ) | |
| Defendants. ) | |

# **O R D E R**

Before the Court is a Report and Recommendation (R&R) issued by Magistrate Judge Cudmore on December 1, 2008, recommending the dismissal of Plaintiffs' Complaint for want of prosecution.  In the R&R, Judge Cudmore recommends a complete dismissal of this action due to (i) Plaintiffs' failure to perfect service on the individual Defendants and (ii) Plaintiffs' failure to pursue entry of default against the corporate defendant, PTS of America, LLC.  PTS has been served but has not answered the Complaint.

Plaintiffs have timely objected to the R&R, explaining that they have been diligent, but ultimately unsuccessful, in attempting to serve the individual Defendants.  Plaintiffs further indicate their agreement to the dismissal of these individual Defendants.  But Plaintiffs do not believe that it would be appropriate for the Court to dismiss this action as against the corporate defendant, PTS.  Plaintiffs

point out that they have served PTS with process and that the unresponsive company has not been prejudiced by the delay in entry of default. In addition, Plaintiffs point to the merit of their claims as a reason the Court should allow the suit to proceed against PTS. Contemporaneously with their objections to the R&R, Plaintiffs have moved for entry of default against PTS, pursuant to Federal Rule of Civil Procedure 55. (Doc. 15).

After reviewing Plaintiffs' objections to the R&R, the Court is persuaded that Plaintiffs have been reasonably diligent in attempting to serve process upon the individual Defendants. However, because these Defendants have not been served within the time allotted and because Plaintiffs admit that they do not expect to ultimately succeed in serving these persons, the Court will dismiss the individual Defendants from this action without prejudice. See Fed R. Civ. P. 4(m). The corporate Defendant, PTS, on the other hand, has been served.[1] The suit may therefore proceed against PTS. Although Plaintiffs should have been more assertive in prosecuting their case against PTS, and more responsive to Orders of Court, Plaintiffs will be excused in this instance.[2]

Because more than 20 days have elapsed since the date Defendant PTS was served with summons and a copy of the Complaint, the Clerk is hereby directed to enter default against PTS. See Fed. R. Civ. P. 12(a)(1)(A)(i) & 55(a). The Court

---

[1] The docket reflects that, on September 25, 2008, Plaintiffs executed personal service upon the company's registered agent, Kent Wood (Doc. 11).

[2] Plaintiffs' attorney should note that when this Court orders him to respond on behalf of his clients by a concrete deadline, he would be well-advised to meet that deadline. If counsel is at all unclear about the meaning of an order, he should promptly take action to clarify it.

expects that an application for default judgment by Plaintiffs will be forthcoming. See Fed. R. Civ. P. 55(b)(2).  This application should be supported by a proposed calculation of damages along with admissible evidence which adequately supports the calculation.  See e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602-03 (7th Cir. 2007).

To summarize, the R&R is ADOPTED as MODIFIED herein.  See 28 U.S.C. § 636(b)(1)(C).  All Defendants except for PTS of America, LLC are dismissed from this action without prejudice.  The action may proceed against PTS only.  Plaintiffs' motion for entry of default (Doc. 15) is GRANTED.  Plaintiffs shall proceed in accord with this Order.

IT IS SO ORDERED.


ENTERED this 29th day of April, 2009.

        s/ Joe B. McDade
        JOE BILLY MCDADE
        United States District Judge