UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DANIEL FRANKLIN and KIMBERLY JAMES, <br><br> Plaintiffs, <br><br> v. <br><br> PTS OF AMERICA, LLC, a Limited Liability Company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  Case No.  08-cv-1264 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion to Set Aside Default and Motion for Leave to File Answer to Complaint.  (Docs. 17 & 28).  For the reasons stated below, both motions are granted.

Only a very brief explanation of the background of this case is necessary, as it is set forth in full in the Court's December 30, 2009 Order & Opinion.  (Doc. 25). Defendant is in the business of transporting prisoners between jails, apparently under contract with government agencies.  Plaintiffs filed a Complaint against Defendant, alleging that while they were being transported in one of Defendant's vans, exhaust fumes leaked into the van's passenger area, making them sick.[1]  They alleged claims under 42 U.S.C. § 1983, state-law negligence, state-law willful and

---

[1]  Plaintiff also filed claims against Defendant's employees who operated the van during the trip.  However, on April 29, 2009, the Court dismissed these defendants, as they had never been served.  (Doc. 16).  The caption of Defendant's recent filings, as well as the content of its proposed Answer, indicates that Defendant apparently overlooked this fact.  There are no remaining individual defendants in this case, and the Court will not consider Defendant's statements relating to those individual defendants.

wanton conduct, and state-law intentional infliction of emotional distress. Plaintiffs' § 1983 claim alleged that Defendant "had a policy or custom of deliberate indifference to the serious medical needs of prisoners" it transported. (Doc. 1).

In order to set aside an entry of default under Federal Rule of Civil Procedure 55(c), a defendant must show: "(1) good cause for the default, (2) quick action to correct it, and (3) meritorious defense to plaintiff's complaint." Pretzel & Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994) (citing U.S. v. DiMucci, 879 F.2d 1488, 1495 (7th Cir. 1989)). On December 30, 2010, the Court found that Defendant had shown good cause and quick action, but that its Motion to Set Aside Default did not adequately allege a meritorious defense to the Plaintiffs' Complaint. (Doc. 25). Therefore, the Court took Defendant's Motion to Set aside Default under advisement. The Court ordered Defendant to submit a proposed Answer, along with any supporting evidence that it has obtained, and to reimburse Plaintiffs' reasonable attorney's fees and expenses incurred in connection with the Motion for Entry of Default and the opposition to the Motion to Set Aside Default. Once these conditions had been satisfied, the Court would evaluate Defendant's proposed Answer to determine whether it states a meritorious defense that justifies setting aside default.

The Court's December 30, 2009 Order & Opinion directed the parties to attempt to agree on the proper attorney's fees due Plaintiffs, or, if agreement was not possible, for Plaintiffs to file a petition for such fees within twenty-one days; Defendant's reimbursement of Plaintiffs' fees was one condition that had to be met in order for the Court to grant the Motion to Set Aside Default. On January 20,

2010, Defendant filed a Notice of Agreement on Plaintiffs' Attorney's Fees under December 30, 2009 Order, explaining that the parties had come to agreement, and that Defendant would file the stipulation agreed-to by them once it had been approved by Plaintiffs. (Doc. 26). Plaintiffs did not file a petition for attorney's fees within twenty-one days, nor have they filed an objection to Defendant's Notice of Agreement. Therefore, the Court finds that this condition has been met, as the parties have agreed to the proper attorney's fees, and will proceed with consideration of Defendant's proposed Answer. Defendant is still directed to file a stipulation of the parties' agreement when it is approved, and if Defendant fails to comply with the terms of the agreement, Plaintiffs are directed to inform the Court so that proper sanctions may be taken.

As noted above and in the Court's December 30, 2009 Order & Opinion, a defendant wishing to set aside an entry of default must show that it has a "meritorious defense" to the suit. The defendant's "actual likelihood of prevailing on his defenses is not the measure of whether he has a meritorious defense. …A defense is meritorious if it is good at law so as to give the factfinder some determination to make." Bieganek, 801 F.2d at 882. However, a defendant must allege "more than…bare legal conclusions." Breuer Elec. Mfg. Co. v. Toronado Systems of America, Inc., 687 F.2d 182, 186 (7th Cir. 1982) (citing Chandler Leasing Corp., 91 F.R.D. at 84; U.S. v. Topeka Livestock Auction, Inc., 392 F.Supp. 944, 951 (N.D. Ind. 1975). Defendant's Motion to Set Aside Default merely noted the fact that Plaintiffs' case would be difficult to prove as its proposed meritorious defense; the Court found this to be inadequate.

3

Defendant has filed a Statement and its proposed Answer to Plaintiffs' Complaint. (Docs. 27 and 28, Ex. 1). The Court noted in its previous Order & Opinion that a defendant might be able to succeed in having a default set aside where it presents factual information that, if believed, would defeat the plaintiff's case. Cracco, 559 F.3d at 631 (defendant alleged that FMLA plaintiff was terminated for cause); Allen Russell Pub., Inc., 109 F.R.D. at 319-20 (defendant alleged specific factual and legal defenses). Here, Defendant alleges that its employee, Ryan Whitten, interviewed Angela Hamilton, one of the employees transporting Plaintiffs when they were allegedly made ill, who stated that neither of the Plaintiffs requested medical treatment. Further, Whitten reviewed Plaintiff James' medical records following the trip, and they revealed no mention of inhalation of fumes. Finally, Whitten found that none of Defendants' employees experienced any ill effect on the trip.[2] (Doc. 27).

The Court finds that this is a weak statement of a meritorious defense, but will grant the Motion to Set Aside Default. If the factual allegation that the Plaintiffs did not request medical treatment from Defendant's employees is proven,

---

[2] In its proposed Answer, Defendant also states the affirmative defenses of qualified immunity and "immunities…to the state claims." (Doc. 28, Ex. 1).

The Court will not rely here on Defendant's assertion of qualified immunity, as it is unclear whether qualified immunity applies to private actors such as Defendant, especially ones who are sued, like a municipality, because of a "policy or custom," rather than individually. Richardson v. McKnight, 521 U.S. 399 (1997) (private prison guards not entitled to qualified immunity); Owen v. City of Independence, Mo., 445 U.S. 622 (1980) (municipalities not entitled to qualified immunity).

In addition, Defendant fails to state what state-law immunities are available to it. In so doing, it has failed to notify Plaintiffs and the Court of the nature of this asserted defense or of its factual basis. Cracco, 559 F.3d at 631.

then it could defeat Plaintiffs' allegation that Defendant's employees intentionally or negligently refused access to medical care and thus defeat the negligence, willful & wanton conduct, and intentional infliction of emotional distress claims, as well as Plaintiffs' evidence for the claim that Defendant had a policy or custom of deliberate indifference in violation of § 1983.  That the alleged risk was not obvious to the employees might be shown by proof of the statement that none of the employees suffered any ill effects.  Given the lenient standard under Rule 55(c), Defendant has alleged enough of a meritorious defense to proceed with the case.

## CONCLUSION

The Court previously found that Defendant had made sufficient showings of good cause and quick action (Doc. 25), and now finds that it has alleged a meritorious defense.  Therefore, Defendant's Motion to Set Aside Default (Doc. 17) is GRANTED.  Defendant's Motion for Leave to File Answer to Complaint (Doc. 28) is GRANTED.  Defendant SHALL file a stipulation of its agreement with Plaintiffs as to the proper attorney's fees to be paid to Plaintiffs as soon as it is available.  The Clerk is DIRECTED to file Defendant's Answer, attached as Exhibit 1 to its Motion for Leave to File (Doc. 28).  This matter is referred to Magistrate Judge Cudmore for further pretrial proceedings.

Entered this <u>10th</u> day of February, 2010.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                                U.S. District Judge